IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DEREK RAY ANCALADE**                                                    **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:12cv131-LG-JMR**

**STATE OF MISSISSIPPI**                                                  **RESPONDENT**

---

## REPORT & RECOMMENDATION

---

This matter is before the Court pursuant to Respondent's Motion to Dismiss [5], filed on May 21, 2012. To date, Derek Ray Ancalade [Ancalade] has not filed a response in opposition. Having considered the Respondent's Motion, along with the entire record and the applicable law, this Court finds the motion is well-taken and should be granted. Accordingly, this Court recommends that Ancalade's petition in the above-captioned action should be dismissed.

## PROCEDURAL HISTORY

Ancalade is currently incarcerated in the St. Tammany Parish Jail in Covington, Louisiana as a pre-trial detainee. The Circuit Court of Pearl River County, Mississippi indicted Ancalade on one count of felony shoplifting on December 10, 2009. [5-1.] The capias was returned on December 18, 2009. [5-2, p. 2.] St. Tammany Parish Jail sent a letter of incarceration for Ancalade on August 17, 2010. [*Id.*] Ancalade was scheduled for arraignment in Pearl River County on March 22, 2011, and when he did not appear, a bench warrant was issued for him. [5-3.] A motion for speedy trial and waiver of arraignment was filed by Ancalade on March 22, 2011. [5-2.] Finally, Ancalade filed a motion of "*Habeas Corpus* or Writ of Error" with the Mississippi Supreme Court on March 12, 2012, seeking to quash the Pearl River County Circuit Court indictment. [5-4.] The petition was dismissed on April 25, 2012, with the court finding that Ancalade failed to demonstrate that he first

sought relief in the trial court as required by Mississippi Rules of Appellate Procedure 21. [5-5.] On

March 12, 2012, Ancalade filed this Petition for *Writ of Habeas Corpus*.  In his Petition, Ancalade

seeks an order directing the Pearl River County Circuit Court to "quash the indictment." [1.]

## ANALYSIS

As of the date he filed his Petition, Ancalade was awaiting trial, and had not yet been

convicted and sentenced for any crime, and therefore should be designated as a "pre-trial detainee."

This means that the instant Petition must be considered pursuant to 28 U.S.C. § 2241.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such

relief is limited.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-9 (1973).  "[F]ederal

*habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative

defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden*, 410

U.S. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to

litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a petitioner seeking to

"abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when

litigating a speedy trial defense before the petitioner goes to trial, and "one who seeks only to

enforce the state's obligation to bring him promptly to trial," *Id.* at 490 (citing *Smith v. Hooey*, 393

U.S. 374 (1969)). The distinction is based on the type of relief requested by the petitioner. *See*

*Brown v. Estelle*,  530 F.2d 1280, 1282-3 (5th Cir. 1976).  A pre-trial detainee's request to have the

charges dismissed "is not [the type of relief] attainable through federal *habeas corpus*." *Brown,* 530

F.2d at 1283.

In this case, Ancalade requests that the indictment against him in this state be quashed.  [1.]

2

Petitioner is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-9. Ancalade has failed to present any argument that the particulars of his incarceration constitute "special circumstances" which warrant disposition of the State's judicial process. Accordingly, this petition must be dismissed for failure to state a claim upon which *habeas* relief may be granted.

Even assuming, *arguendo*, that the Petition seeks to force the state to go to trial, the Court finds that his Petition must be dismissed for failure to exhaust state remedies. The Fifth Circuit has previously addressed the exhaustion requirement under section 2241, stating:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court **or by other state procedures available to the petitioner**.

*Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987) (emphasis added) (citations omitted).

A review of the record indicates that, as of the date his Petition was filed, Ancalade filed a a demand for speedy trial pending before the Pearl River County Circuit Court. The motion was not resolved before Ancalade filed this Petition. As such, the Court finds that Ancalade did not provide the state court with a fair opportunity to address his claims, and that the *habeas* Petition should be dismissed for failure to exhaust state court remedies.

## CONCLUSION

As of the date Ancalade filed his petition, he was a pre-trial detainee, and had not yet been convicted or sentenced for any crime. In his Petition for federal *habeas* relief, he seeks dismissal of the pending state charges. Accordingly, the Court recommends that Ancalade's petition be dismissed

for failure to state a claim upon which *habeas* relief may be granted, or in the alternative, for failure to exhaust available state remedies.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 24, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 10th day of July, 2012.


        s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE